UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CAIRO MARINE SERVICES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| HOMELAND INSURANCE ) | Case No. 4:09CV1492 CDP |
| COMPANY OF NEW YORK ) | |
| and ) | |
| THE EMPLOYERS' FIRE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

In this litigation, plaintiff Cairo Marine Services, Inc. seeks a declaratory judgment against its insurers, Homeland Insurance Company of New York and The Employer's Fire Insurance Company. Cairo claims that its insurers owe it a duty to defend and indemnify it in state court litigation in Louisiana. It also asserts a claim of bad faith against Homeland. In the motions before the Court, the plaintiff and the defendants each seek remand or dismissal of all or part of this case. For the reasons stated below, I will dismiss the claim against defendant Employer's Fire Insurance. All other claims will proceed in this Court.

## Background

Cairo Marine inspects construction equipment. In September of 2007, Cairo inspected and certified a crane in Louisiana. Approximately five months after Cairo's inspection, the crane's counterweight collapsed, crushing a man's legs. In a separate action, not before this Court, the injured man brought suit against the owner of the crane and against Cairo Marine claiming that the structure of the crane had been altered before Cairo's inspection, that this alteration made the crane unsafe, and that Cairo's inspection should have detected the danger. The injured man's claims against Cairo are for physical pain and suffering, mental anguish, medical expenses, lost wages, and loss of enjoyment of life. The injured man's wife also asserts a claim against Cairo for loss of consortium "as a result of [her husband's] injuries." Homeland is joined as Cairo's insurer in the crane-injury suit. The crane-injury litigation is ongoing and, at present, there has been no determination of Cairo's liability in the matter.

In response to the claims against it, Cairo contacted its insurers, Homeland and Employer's Fire Insurance. Cairo notified them of the litigation, asserted that the claims against it fell within the coverage of its respective policies, and requested that the insurers defend and indemnify it in the crane-injury litigation. Both companies denied coverage and refused to defend or indemnify Cairo.

Homeland denied coverage based on an exclusion in its policy with Cairo for "bodily injuries." The Homeland policy is a "Miscellaneous Professional Liability Policy" and states that Homeland will indemnify Cairo for claims against it arising out of "Wrongful Acts," which include "any actual or alleged act, error or omission in the performance of, or any failure to perform, Professional Services," or services performed for a fee. Cairo states that its inspection of the crane was a professional service and Homeland admits that, under the general agreement, the policy would provide coverage for the claims against Cairo in the crane-injury case. However, the policy includes an amended exclusion for claims of "bodily injury, sickness, disease or death of any person, or damages to or destruction of any property, including the loss of use thereof." This exclusion is attached as a separate page to the front of the policy. The amended provision does not explicitly address whether claims "arising from" a bodily injury are also excluded. The amended exclusion is narrower than the original provision, which is listed in the main body of the policy. The original exclusion disclaims coverage for claims "based upon, arising out of, directly or indirectly resulting from . . . or in any way involving bodily injury."

At the time of Cairo's initial request for coverage, Homeland cited the language of the amended exclusion as its basis for its refusal to defend. Homeland did not mention the previous, broader exclusion for bodily injuries and did not

-3-

mention a good faith legal dispute over the meaning of "bodily injury." When Cairo protested, Homeland reasserted its position, claimed that Louisiana law governed the issue, and referred Cairo to an arbitration provision if it disagreed with Homeland's conclusion. Cairo made this assertion despite the fact that the policy is stamped on the cover as being "procured and developed under Missouri Surplus Lines Law" and that arbitration provisions in insurance contracts are unenforceable under Missouri law. *See* Mo. Rev. Stat. § 435.350 (West 2009). Homeland did not mention the Missouri Surplus Lines Law stamp, the original bodily injury exclusion, or Missouri law when it reasserted its denial of coverage.

Cairo's other insurer, Employer's Fire Insurance, also denied coverage based on exclusions in its policy. The Employer's Fire Insurance policy is a "Commercial General Liability Coverage" policy. In the general coverage form, the policy states that it will defend and indemnify Cairo in suits against it for claims of "bodily injury or property damage." Since the claims against Cairo in the crane-injury case include claims for bodily injury, Employer's Fire Insurance admits that the policy would cover the claims in that case, under the terms of the general agreement.

However, Employer's Fire Insurance cites two exclusions, one for "Professional Services" and another for "Inspection, Appraisal, and Survey Companies" as its basis for denying coverage. The two exclusions state that

bodily injuries resulting from professional services and inspections are exempt from coverage. Specifically, the first exclusion states that the policy does not apply to bodily injuries due to the rendering or failure to render any professional services. The professional service specified in the first exclusion is "All Operations." The second exclusion is a more specific version of the first. It states that "[t]his insurance does not apply to 'bodily injury' . . . because of the rendering of, or failure to render, professional services in the performance of any . . . inspection, or appraisal."

## Analysis

There are three motions before the Court. First, Cairo has moved to dismiss and remand its case to state court. Second, Homeland seeks to dismiss Cairo's claim against it for bad faith. Third, Employer's Fire moves to dismiss Cairo's claim for a declaratory judgment that Employer's Fire owes Cairo a duty of indemnification and defense. For the reasons stated below, I will deny Cairo's motion to remand as there are no grounds to support abstention in this case. I will deny Homeland's motion because I find that Cairo has sufficiently pled bad faith. However, I grant Employer's Fire Insurance's motion because I find that it is not plausible that the claims against Cairo in the crane-injury case are covered by its policy with Employer's Fire Insurance.

1. **Cairo's Motion to Dismiss and Remand**

Cairo has moved to "dismiss and remand" its case, claiming that this Court should abstain from hearing this case because of a parallel state proceeding. However, Cairo is not actually seeking to dismiss its own case and there is no parallel state proceeding. Instead Cairo seeks remand based on a federal court's limited discretion to decline jurisdiction in declaratory judgment actions.

A state action is parallel if it presents "the same issues, not governed by federal law, between the same parties and . . . the claims of all parties in interest can satisfactorily be adjudicated in that proceeding. . . ." *Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 793 (8th Cir. 2008) (citing *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942)). Cairo's brief implies that this case, before it was removed from state court, is the parallel state proceeding. However, this case cannot be parallel to itself. There is only one case for declaratory judgment, and it is now pending in federal court. In addition, the crane-injury case is not a parallel state proceeding. The crane-injury case involves tort claims, focuses on whether Cairo negligently inspected a crane, and only involves Cairo and Homeland, not Employer's Fire Insurance. Meanwhile this case does not concern Cairo's negligence, but instead focuses on the coverage of two insurance policies.

Alternatively, Cairo argues that this Court should abstain based on a federal court's limited power to decline hearing declaratory actions. In a declaratory

action, a court "may declare the rights and other legal relations of any interested party seeking such declaration."[1] 28 U.S.C. § 2201 (West 2010). However, in certain circumstances, a court may decline to hear a declaratory judgment action. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). In the absence of a parallel state action, though, a court's discretion to abstain is limited. *Scottsdale Ins. Co. v. Detco Industries, Inc.*, 426 F.3d 994, 996 (8th Cir. 2005); *Teva Pharmaceuticals, USA, Inc. v. Am. Motorists Ins. Co.*, No. 4:08CV477 CDP, 2008 WL 4596186 (E.D. Mo. Oct. 14, 2008). In order to abstain under these circumstances, courts must consider factors such as whether the declaratory judgment sought will settle the legal relations in issue, the strength of the state's interest in having the issues decided in the state courts, and whether the federal action would result in unnecessary entanglement between the federal and state courts to determine whether to abstain. *Scottsdale*, 426 F.3d at 998-99 (quotations omitted).

---

[1] Because I have decided to exercise my jurisdiction, I need not decide whether I have the power to decline jurisdiction. This case involves both declaratory and non-declaratory claims. The Eighth Circuit applies the "essence of the case" test to determine whether a case involving both declaratory and non-declaratory claims qualifies for the abstention rules for declaratory actions. *See Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 794 (8th Cir. 2008). Under this test, a court must determine whether the non-declaratory claims are a necessary part of the declaratory claims. *Id.; see also Cedar Rapids Cellular Tel., L.P. v. Miller*, 280 F.3d 874, 878-79 (8th Cir. 2002); *R..R.. Street & Co., Inc. v. Vulcan Materials Co.*, 569 F.3d 711, 716 n.5 (7th Cir. 2009); 28 U.S.C. § 2202. However, this law is not well settled. *See R.R. Street*, 569 F.3d at 716. In this case, since Cairo cannot succeed even under the more liberal rules governing declaratory claims, it is unnecessary to decide this issue.

These factors do not favor abstention here. The resolution of the claims in this case will settle the relationships between the parties with respect to their insurance contracts and it will resolve all issues raised in the federal proceeding. There are no important issues of state law in dispute. This case involves the responsibilities of the parties under the terms of two insurance contracts. The responsibilities of the parties to an insurance contract are determined by reference to traditional contract law. *Transit Cas. Co. in Receivership v. Certain Underwriters at Lloyd's of London*, 963 S.W.2d 392, 396-98 (Mo. Ct. App. 1998). Furthermore, "rules governing the interpretation of insurance policies are well settled." *Shahan v. Shahan*, 988 S.W.2d 529, 535 (Mo. 1999) (citing *Columbia Mut. Ins. Co. v. Schauf*, 967 S.W.2d 74, 77 (Mo. 1998) (en banc)).

Nevertheless, Cairo argues that this case implicates a split between two districts of the Missouri Courts of Appeals. It cites *Lanigan v. Snowden*, 938 S.W.2d 330 (Mo. Ct. App. W.D. 1997) and *Citizens Insurance Company of America v. Leiendecker*, 962 S.W.2d 446 (Mo. Ct. App. E.D. 1998). These cases discuss whether the term "bodily injury" in an insurance policy encompasses claims for mental anguish. *Leiendecker*, 962 S.W.2d at 450-51; *Lanigan*, 938 S.W.2d at 332. However, the courts in both cases applied traditional rules of contract interpretation to reach their conclusions and the conclusions in both cases were dependent on the wording of the particular contracts at issue. *See*

*Leiendecker*, 962 S.W.2d at 454; *Lanigan*, 938 S.W.2d at 332. Because they are factually distinct and both relied on the wording of the particular contracts at issue, neither case will necessarily be controlling and this Court will not be required to resolve conflicting interpretations of Missouri law.

Finally, resolution of the claims in this case will not unnecessarily entangle a federal and state court. Cairo's reliance on *Teva Pharmaceuticals* for this point is misplaced. 2008 WL 4596186. In *Teva*, I remanded a declaratory action to state court when there was no directly parallel state proceeding. But although there was no parallel proceeding, there were other state cases involving the same factual and legal issues and some of the same parties, and another federal court had already stayed one case. *Id.* at 3.

There are no other state cases that will address the factual or legal issues in this case. Here, I will interpret the terms of two insurance policies. *See e.g.*, *Wood v. Safeco Ins. Co. of America*, 980 S.W.2d 43, 54-55 (Mo. Ct. App. 1998); *Todd v. Missouri United School Ins. Council*, 223 S.W.3d 156, 163 (Mo. 2007). In the crane-injury case a jury will determine who is at fault for a man being crushed by the counterweight of a crane. Since the claims and factual determinations necessary to resolve the claims in this case are different than those in the crane-injury case, this case will not unnecessarily entangle this Court with a state court. As a result, abstention in this instance is not appropriate.

### 2. Homeland's Motion to Dismiss Count II

Homeland seeks to dismiss Count II of Cairo's complaint. Count II alleges that Homeland acted in bad faith by refusing to acknowledge coverage and refusing to defend Cairo in the crane-injury case.[2] Homeland argues that Cairo's complaint failed to plead sufficient facts to state a claim and that Homeland's reliance on an open question of law shields it from a claim of bad faith.

Dismissal is proper when the plaintiff's complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A plaintiff fails to state a claim if it does not plead a plausible claim for relief based on allegations that are entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). Only factual allegations, not legal conclusions, must be accepted as true on a Rule 12(b)(6) motion. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Courts must "consider the complaint in its entirety, as well as other sources . . . in particular, documents incorporated into the complaint by reference." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007). Cairo's complaint incorporates by reference its policies with Homeland and Employer's Fire Insurance, as well as several letters exchanged by the companies disputing whether the policies cover the crane-injury case.

---

[2] All of the parties agree, or are willing to assume for purposes of these motions, that Missouri law governs these issues.

The test for bad faith is "how willful and unreasonable the insurer's refusal was . . . at the time the insurer was asked for coverage." *Wood v. Safeco Ins. Co. of America*, 980 S.W.2d 43, 54-55 (Mo. Ct. App. 1998). An insurer may insist on a judicial determination on a question of law or fact without penalty. *Id.* However, an insurer may still be found liable for bad faith if its attitude is shown to be "vexatious and recalcitrant," even when a debatable legal issue exists. *Id.*

Cairo claims that Homeland reviewed its claim for coverage in bad faith and that its claim for coverage was not reviewed by competent personnel. It is not necessary at this time to determine whether the contract provides coverage for claims arising from bodily injuries resulting from professional services, but not the bodily injuries themselves. The Court need only determine whether Cairo's claim that Homeland denied coverage in bad faith is plausible. Homeland did not acknowledge the Missouri law stamp on the cover of the policy, did not mention the effect of Missouri law on the policy, and did not discuss the effect of the amended bodily injury exclusion. Viewing the allegations most favorably to Cairo, it is plausible that Homeland's failure to note these issues indicates that Homeland approached Cairo's request for coverage in bad faith.

In addition, Homeland's argument that it is immune from Cairo's claim of bad faith because it now relies on a good faith dispute over an open question of law is not persuasive. Bad faith is determined by the parties' actions at the time

the insurer denied coverage. *See Wood*, 980 S.W.2d at 54-55. Homeland did not mention a dispute over an open question of law in its letters denying coverage in July of 2008 and did not raise the issue until its motion to dismiss in October of 2009. Since Homeland does not claim that it raised this issue when it denied coverage, it is not necessary to consider the issue at this time.

### 3. Employer's Fire Insurance's Motion to Dismiss Count III

Employer's Fire Insurance seeks dismissal of Count III of Cairo's complaint. Count III seeks a declaratory judgment that Employer's Fire Insurance owes Cairo a duty to defend and to indemnify it in the crane-injury case.[3] Employer's Fire Insurance argues that the policy's exclusions remove the claims against Cairo from the policy's coverage and that it does not owe Cairo a duty to defend.

Courts give language its plain meaning when interpreting an insurance contract. *Shahan*, 988 S.W.2d at 535. "The plain or ordinary meaning is the meaning that the average layperson would understand." *Id.* If the insurance contract is ambiguous, courts should construe insurance contracts in favor of coverage. *Todd v. Missouri United School Ins. Council*, 223 S.W.3d 156, 160 (Mo. 2007). An insurance contract is ambiguous if there is duplicity,

---

[3] Since the crane-injury case is ongoing, both parties agree that a determination of Employer's Fire Insurance's duty to indemnify Cairo is not ripe for resolution at this time.

indistinctness, or uncertainty in the meaning of words. *American Family Mut. Ins. Co. v. Ragsdale*, 213 S.W.3d 51, 55 (Mo. Ct. App. 2006). However, "[c]ourts are not permitted to create ambiguities in order to distort the language of an unambiguous policy." *Shahan*, 988 S.W.2d at 535. Courts must read an insurance policy as a whole, taking into account the general agreement, as well as the exclusions. *Todd*, 223 S.W.3d at 163-64.

Cairo's policy with Employer's Fire Insurance generally covers claims against Cairo for bodily injury and property damage. It is undisputed that the crane-injury case involves a bodily injury. However, the policy's exclusions remove claims for bodily injuries that result from professional services and inspections. Although Cairo argues that the claims against it for bodily injuries are not the result of professional services and are therefore not covered by the first exclusion, the claims are undoubtedly the result of Cairo's inspection and are therefore covered by the second exclusion.

The policy's second exclusion specifically states that bodily injuries resulting from Cairo's inspections are not covered by the policy. This exclusion is conspicuous and takes up a full page at the beginning of the contract. Cairo admits that it inspected and certified the crane in the crane-injury case and the letters incorporated into the pleadings state that "[a]ccording to Cairo's invoice for its inspection services, which included four separate cranes, provided an OSHA

certification for the crane in question, based upon the inspection of its certified OSHA inspector." The complaint in the crane-injury case states that Cairo's inspection of the crane is the basis for the injured man's claims against Cairo. Cairo does not allege that it had any involvement with the injured man, or the crane, aside from this inspection. Therefore, even viewing these facts most favorably to Cairo, it is not plausible that the claims against Cairo are not excluded from its policy with Employer's Fire Insurance. Since Cairo's pleadings do not provide any other basis under which Employer's could owe it a duty to defend, its claims against Employer's Fire Insurance must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to dismiss and for remand [#15] is DENIED.

**IT IS FURTHER ORDERED** that defendant Homeland's motion to dismiss Count II of plaintiff's complaint [#18] is DENIED.

**IT IS FURTHER ORDERED** that defendant Employer's Fire Insurance's motion to dismiss Count III of plaintiff's complaint [#27] is GRANTED.

**IT IS FURTHER ORDERED** that defendant's motion for leave to file a sur-reply in opposition to plaintiff's motion to dismiss and for remand [#33] is GRANTED.

This case will be set for a Rule 16 conference by a separate order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 18th day of February, 2010.