UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CAIRO MARINE SERVICES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09CV1492 CDP |
| ) | |
| HOMELAND INSURANCE ) | |
| COMPANY OF NEW YORK, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Earlier in this insurance coverage litigation I dismissed plaintiff Cairo Marine Services, Inc.'s complaint against Employers' Fire Insurance Company because the claims against Cairo in the underlying state suit were excluded from coverage by the Employers' Fire policy. The plaintiffs in the underlying state suit then amended their complaint, and so Cairo amended this suit and reasserted claims against Employers' Fire. The underlying personal injury suit arises from the collapse of a crane that Cairo had inspected. Employers' Fire again seeks dismissal, arguing that even as amended, the claims in the underlying suit remain based on Cairo's inspection of the crane, and are therefore excluded from coverage under the policy. I agree and will again dismiss Cairo's claims against Employers' Fire because it is implausible that the claims against Cairo are not

based on its inspection of the crane in the underlying suit.

## Background

In early 2008 a man was injured in a crane accident. Cairo had inspected the crane approximately five months before the accident, but allegedly failed to detect an unsafe condition and failed to warn the crane operator. The injured man subsequently sued Cairo in a Louisiana state court. In turn, Cairo filed suit in this Court against its insurers – Homeland Insurance Company and Employers' Fire Insurance – seeking a declaratory judgment that Homeland and Employers' Fire owed it a duty to defend and indemnify it in the Louisiana state court case.

In October of 2009, Employers' Fire filed a motion to dismiss Cairo's claims against it and argued that the claims against Cairo in the underlying suit were excluded from coverage under Cairo's policy with Employers' Fire. After reviewing the documents, I concluded, first, that all of the claims in the Louisiana state court case against Cairo arose from Cairo's inspection of the crane in 2007. Second, I found that Cairo's policy with Employers' Fire explicitly excluded coverage for claims against Cairo resulting from its inspections. As a result, I granted Employers' Fire's motion and dismissed Cairo's claims against it.

On June 18, 2010, the plaintiff in the Louisiana state-court case amended his complaint and, based on those amendments, Cairo amended its complaint in

this case, renewing its claims against Employers' Fire. The amended underlying complaint lists nine ways in which Cairo was negligent. The amended underlying complaint states that:

> Cairo Marine failed to detect . . . a homemade counterweight . . . failed to detect or identify that the frame support . . . had been cut away . . . . failed to detect . . an illegal, unauthorized and dangerous modification . . . failed to warn petitioner . . that the crane's counterweight was not properly secured . . .breached its warranty of workmanlike performance . . . failed to train and supervise its employees to ensure . . . a proper inspection . . . to determine . . a proper inspection . . . negligently supervised the inspection . . .failed to report . . . a modified counterweight.

*Green, et al. v. Cairo Marine Services, Inc., et al.*, Case No. 08-6509, at ¶ XIX(C). There are no allegations, by Cairo or by the injured man, that Cairo was involved with the crane or the injured man in any way, or at any time, other than during its inspection of the crane approximately five months before the accident. Cairo's amended complaint states that Employers' Fire owes it a duty to indemnify and defend it in the state case because the claims in the state case are for bodily injury and its policy with Employers' Fire specifically covers claims for bodily injuries.

Cairo's policy with Employers' Fire is a commercial general liability policy. Generally, it covers some claims against Cairo for bodily injuries, but excludes claims for bodily injuries that occur as a result of Cairo's professional services and inspections. Specifically, the first exclusion states that the policy does not apply

to bodily injuries due to the rendering or failure to render any professional services. The professional service specified in the first exclusion is "All Operations." The second exclusion is a more specific version of the first. It states that "[t]his insurance does not apply to 'bodily injury' . . . because of the rendering of, or failure to render, professional services in the performance of any . . . inspection, or appraisal."

## Analysis

As an initial matter, Cairo first argues that it is inappropriate to consider this issue on a motion to dismiss and that the Court should not consider Employers' Fire's motion without providing an additional summary judgment briefing schedule and giving the parties notice. However, Cairo does not identify any issues that cannot be resolved on the pleadings.

When considering a motion to dismiss, courts must "consider the complaint in its entirety, as well as other sources . . . in particular, documents incorporated into the complaint by reference." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007). Cairo's amended complaint incorporates by reference its policy with Employer's Fire, as well as the underlying complaint from the Louisiana state suit. The issue raised in Employers' Fire's motion is whether its policy with Cairo plausibly covers the claims against Cairo in the Louisiana state

suit and whether Employer's Fire owes Cairo a duty to defend as a result. "The duty to defend is determined by comparing the language of the insurance policy with the allegations in the complaint." *McCormack Baron Mgmt. Serv., Inc. v. Am. Guarantee & Liab. Ins. Co.*, 989 S.W.2d 168, 170 (Mo. 1999). As a result, all that is necessary to resolve this issue is the underlying complaint in the Louisiana suit and the policy between Employers' Fire and Cairo. Both of these documents are included in the pleadings, therefore, it is appropriate to consider the issues raised by Employers' Fire on a motion to dismiss.

Regarding the merits of Employers' Fire's motion to dismiss, Employers' argues that its policy with Cairo does not cover the claims against Cairo in the Louisiana state case because those claims arise from Cairo's inspection of the crane and Cairo's policy does not cover claims based on its inspections. In response, Cairo argues that the claims against it for "failure to warn, failure to train and supervise, and for breach of warranty of workmanlike performance can be construed as separate from failure to inspect and are concurrent proximate causes of the injury." As a result, Cairo argues, the claims against Cairo plausibly fall within the coverage of its policy with Employers' Fire.

Dismissal is proper when the plaintiff's complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A plaintiff fails to state a

claim if it does not plead a plausible claim for relief based on allegations that are entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). Courts must read an insurance policy as a whole, taking into account the general agreement, as well as the exclusions. *Todd v. Missouri United School Ins. Council*, 223 S.W.3d 156, 163-64 (Mo. 2007). Courts give language its plain meaning when interpreting an insurance contract. *Shahan v. Shahan*, 988 S.W.2d 529, 535 (Mo. 1999).

The claims against Cairo in the state court case for the breach of certain duties, such as a failure to detect a modified counterweight and a breach of its warranty of workmanlike performance, are naturally associated with its inspection of the crane. In addition, the pleadings are clear that Cairo had no involvement with the crane or with the injured man aside from its inspection. Cairo's policy with Employers' Fire excludes coverage for claims for bodily injuries arising from its inspections and so, facially, Cairo's policy with Employers' Fire does not cover the claims against Cairo in the underlying state suit.

Cairo's only argument against this probable reading of the issue is an assertion that certain of the specific duties listed in the underlying complaint are not necessarily based on its inspection of the crane. However, in order to find Cairo's reading at all plausible, one would have to believe that the injured man

would have sued Cairo for a breach of its duty to warn, for instance, even if it had not inspected the crane. This, given the facts of this case, specifically the absence of any conceivable basis on which the plaintiff in the underlying suit could support a claim against Cairo, other than its inspection, is entirely implausible.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Employers' Fire's motion to dismiss [#52] is GRANTED.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 15th day of September, 2010.