UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CAIRO MARINE SERVICE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV1492 CDP |
| | ) | |
| HOMELAND INSURANCE | ) | |
| COMPANY OF NEW YORK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

The parties have recently filed several motions, including motions to dismiss and motions related to discovery disputes. Plaintiff Cairo Marine Service, Inc. moves to dismiss defendant's counterclaim because it is redundant and because defendant failed to reassert its counterclaim in its answer to Cairo's amended complaint. Cairo also seeks to voluntarily dismiss its own claims and to impose sanctions on defendant for failing to respond to its discovery requests. In turn, defendant Homeland Insurance Company of New York seeks an extension of time to complete discovery and requests an order compelling Cairo Marine to respond to certain interrogatories. For the reasons stated below, I will deny plaintiff's motion to dismiss Homeland's counterclaim because the counterclaim is not redundant and because it was not abandoned. I will deny plaintiff's motion for

voluntary dismissal and its motion for sanctions because they are inappropriate at this stage of the proceedings. Finally, I will grant defendant's motion to compel and for extension of time to complete discovery.

**A.     Cairo's Motion to Dismiss Homeland's Counterclaim**

Cairo moves to dismiss Homeland's counterclaim by arguing that it unnecessarily duplicates Homeland's affirmative defense, and, alternatively, argues that Homeland abandoned its counterclaim by failing to re-plead it in its answer to plaintiff's amended complaint. First, plaintiff has not identified any relevant authority supporting its argument that a defendant's otherwise valid counterclaim should be dismissed simply because it is similar to the defendant's own affirmative defense. Rule 8(d) gives parties wide discretion to plead alternative forms of the same claims or defenses, as well as inconsistent claims or defenses. Fed. R. Civ. P. 8(d) (West 2010). Cairo's argument, which would dismiss Homeland's claim merely because it is similar to its defense, is inconsistent with the intent of the Federal Rules.[1]

---

[1] In addition, Homeland's counterclaim is not identical to Cairo's claim for declaratory judgment. Cairo seeks to establish that the claims in the underlying suit are potentially within the coverage of its policy with Homeland, while Homeland's counterclaim only seeks to establish that the claims are, in fact, not within the coverage of its policy with Cairo. Therefore, even if the Court were to find for Cairo on its declaratory claim, Homeland's counterclaim would not necessarily be moot, since Cairo's claim for declaratory judgment is broader than Homeland's.

Second, Cairo's alternative argument – that Homeland abandoned its counterclaim by failing to re-plead it – is similarly unfounded. There is some confusion among federal district courts regarding whether a party abandons or waives a counterclaim by failing to re-plead it in its answer to an amended complaint.[2] However, regardless of which line of cases is applied to Cairo's motion, Homeland has not irrevocably abandoned its counterclaim. Cairo specifically relies on *Johnson v. Berry*, which found that a defendant may effectively abandon its counterclaim by failing to reassert it in its answer to an amended complaint, if there is cause to deny the defendant leave to amend its answer. *Johnson*, 228 F. Supp. 2d at 1079. The court then found that, based on the advanced stage of the proceedings, it was inappropriate to grant defendant additional time to amend its pleading to reassert its counterclaim in that case. *Id.* As a result, even under Cairo's theory, Homeland's counterclaim is only lost if there is cause to deny Homeland leave to amend its complaint. Under Rule 15,

---

[2] *Compare Hitachi Med. Sys. Am., Inc. v. Horizon Med. Group*, No. 5:07CV02035, 2008 WL 5723531 (N.D. Ohio Aug. 29, 2008); *Dunkin' Donuts, Inc. v. Romanias*, No. Civ.A.00-1886, 2002 WL 32955492 (W.D.Pa. May 29, 2002) *with Settlement Capital Corp., Inc. v. Pagan*, 649 F.Supp.2d 545 (N.D. Tex. 2009); *Johnson v. Berry*, 228 F. Supp. 2d 1071 (E. D. Mo. 2002); *Bremer Bank, Nat. Ass'n v. John Hancock Life Ins. Co.*, Civil No. 06-1534 ADM/JSM, 2009 WL 702009 (D. Minn. Mar. 13, 2009).

courts "should freely give leave [to amend] when justice so requires."[3]

In this case, Cairo will not be prejudiced if Homeland is granted leave to amend its answer. Cairo has had notice that Homeland intended to pursue its counterclaim since Homeland filed its answer to Cairo's amended complaint, in which Homeland specifically references its counterclaim in the last line. Cairo will not suffer any undue prejudice by granting Homeland leave to amend its answer at this time.

B.  **Cairo's Motion for Voluntary Dismissal**

Cairo seeks to voluntarily dismiss its claims, ostensibly because it wishes to join a non-diverse party, although Cairo has not yet moved to join this party. Homeland objects to the dismissal. Once the defendant has answered the complaint, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2); *see also Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999).[4]

---

[3] Rule 13(f) formerly governed the amendment of counterclaims, however, the 2009 amendments to the Federal Rules state that leave to amend to add a counterclaim should be governed by the same standard for amending pleadings stated in 15(a)(1) and 15(a)(2).

[4] Courts consider several factors when determining whether to allow a voluntary dismissal, including: (1) the defendant's effort and the expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation of the need to take a dismissal; and (4) the fact that a motion for summary judgment has been filed. *Witzman v. Gross*, 148 F.3d 988, 992 (8th Cir. 1998) (citing *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir.1987).

This case has been pending for more than a year and is nearly ready for trial. The parties have filed multiple motions, including motions to remand, to dismiss, to amend pleadings, to compel discovery, and for sanctions, under the Federal Rules. They have also reached the deadline for completion of discovery while expecting that this case would be tried in a Federal court under the Federal Rules of Evidence. According to the Case Management Order, motions for summary judgment are due in less than two weeks and I assume that both parties have already begun preparing their motions. In addition, plaintiff's only explanation for its requested dismissal is to join a necessary party. Plaintiff, however, has not provided a reasonable explanation for its previous failure to discover that this party – its own agent – might have relevant information and has not yet attempted to actually join this party. Because a dismissal at this stage will prejudice the defendant and plaintiff has not shown that the dismissal is necessary at this time, I will deny plaintiff's motion to voluntarily dismiss its claims in this case.

### C. Discovery Disputes

Both parties complain that the other has failed to respond to its requests for discovery. Homeland seeks an order compelling Cairo to respond to its "contention interrogatories" and requests additional time to conduct discovery, while Cairo has filed a motion for sanctions against Homeland for failing to

respond to its interrogatories. Both parties seek attorneys' fees and costs for these motions. I will not grant attorneys' fees or costs to either party or impose sanctions, however, I will order that each party respond to the other's interrogatories, and I will extend the time to complete discovery.

Cairo moves for sanctions under Rule 37. Rule 37(d)(1) allows a court to impose sanctions on a party for failing to respond to interrogatories. Fed. R. Civ. P. 37(d)(1)(A)(ii). A district court has wide latitude to impose sanctions under Rule 37(d). *See Hazen v. Pasley*, 768 F.2d 226, 229 (8th Cir. 1985). Discovery in this case has been contentious. Cairo first refused to respond to Homeland's discovery requests and Homeland, in turn, has failed to respond to some of Cairo's discovery requests. Cairo has informally requested that Homeland respond, but it has not filed a motion to compel and continues to refuse to respond to Homeland's discovery requests. Cairo does not articulate any specific prejudice caused by Homeland's delay, yet it asserts that it is entitled to sanctions for Homeland's failure to respond. However, based on the parties' conduct up to this point and Homeland's competing motions to compel and to extend time to complete discovery, it is more appropriate at this time to merely extend the time to complete discovery and to order that Homeland respond to Cairo's discovery request.

Similarly, it is appropriate to order Cairo to respond to Homeland's

contention interrogatories at this time. Under Rule 33 a court may delay ordering a party to respond to contention interrogatories until the close of discovery or until some other appropriate time. Fed. R. Civ. P. 33(a)(2) (West 2010). At present, discovery in this case is closed and the deadline for motions for summary judgment is less than two weeks away. Homeland seeks a response to four limited interrogatories that are directed at plaintiff's basis for its bad faith claim, and so the request is reasonable in scope, is appropriately timed, and is relevant to the case at issue.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to dismiss defendant's counterclaim [#73] is DENIED.

**IT IS FURTHER ORDERED** that defendant shall file an amended answer asserting its counterclaim no later than **November 23, 2010**, or defendant's counterclaim shall be deemed withdrawn.

**IT IS FURTHER ORDERED** that plaintiff's motion for voluntary dismissal [#74] is DENIED.

**IT IS FURTHER ORDERED** that defendant's motion to compel [#70] is GRANTED. Plaintiff and defendant shall respond to the opposing parties' outstanding interrogatories no later than **December 1, 2010**.

**IT IS FURTHER ORDERED** that defendant's motion for additional time to complete discovery [#77] is GRANTED in part. The parties shall complete all discovery in this case no later than **December 1, 2010**. Any motions to dismiss, for summary judgment or motions for judgment on the pleadings must be filed no later than **December 8, 2010**. Opposition briefs shall be filed no later than **January 4, 2011** and any reply brief may be filed no later than **January 14, 2011**.

**IT IS FURTHER ORDERED** that plaintiff's motion for sanctions [#78] is DENIED.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 4th day of November, 2010.